IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-648 T
(Judge Marian Blank Horn)

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, on its own behalf, and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, as successor to CONNECTICUT MUTUAL LIFE INSURANCE COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# ANSWER

The defendant, the United States, denies each of the allegations in the complaint except those that are expressly admitted below. In further answer to the complaint, the defendant:

1. Avers that paragraph 1 of the complaint states legal characterizations and assertions, which require no response.

2. Admits the allegations made in the first, second, and fourth sentences of paragraph 2 of the complaint; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

3. Admits the allegations in paragraph 3 of the complaint.

4. Admits the allegations in the first sentence of paragraph 4 of the complaint; admits that the employer identification number of Connecticut Mutual Life Insurance Company

(ConnMutual) was 06-0304620; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

5. Admits the allegations in paragraph 5 of the complaint.

6. Admits that ConnMutual merged with and into Massachusetts Mutual Life Insurance Company (MassMutual) during 1996; and states that it now lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the complaint.

7. Admits the allegations in paragraph 7 of the complaint.

8. Admits that the plaintiff brought this action to recover the listed amounts with interest, but denies that the plaintiff is entitled to recover them.

9. Denies the allegations in paragraph 9 of the complaint; and to the extent the allegations constitute legal argument, states that they require no response

10. Admits that the plaintiff brought this action to recover the stated amount of federal income tax attributed to ConnMutual, but denies that any amount is properly recoverable.

11. Admits that the plaintiff filed federal income tax returns for the years 1988 through 1997 with the Internal Revenue Service (IRS) Service Center in Andover, Massachusetts; and states that it now lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the complaint.

12. Avers that the address "Massachusetts" is abbreviated as "MA" on all of the plaintiff's federal income tax returns filed for the years 1988 through 1993 and that the plaintiff's postal code is stated as "0111-0001" on the returns for 1992 and 1993, but otherwise admits the allegations in the first sentence of paragraph 12 of the complaint; and avers that the address

"Massachusetts" is abbreviated as "MA" on all of the plaintiff's federal income tax returns filed for the years 1994 through 1997, that the plaintiff's name is stated as "Massachusetts Mutual Life Insurance Co. (Life/Non-Life Consolidation)" on the returns for 1994 through 1996 and as "Massachusetts Mutual Life Ins. Co-L/NL Cons" on the return for 1997, and that the plaintiff's street address is stated as "1295 State St, E171" on the return for 1997, but otherwise admits the allegations in the second sentence of paragraph 12.

13.-14. Admits the allegations in paragraphs 13 and 14 of the complaint.

15. Avers that MassMutual filed with the IRS a Form 1120X, Amended U.S. Corporation Income Tax Return, for the taxable year 1990 on October 15, 1992.

16. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint

17. Avers that MassMutual filed with the IRS a Form 1120X, Amended U.S. Corporation Income Tax Return, for the taxable year 1994 on May 13, 1997.

18. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint

19. Admits the allegations in paragraph 19 of the complaint.

20. Admits the allegations in the first sentence of paragraph 20 of the complaint; and states that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

21. Admits the allegations in paragraph 21 of the complaint.

22.-23. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 22 and 23 of the complaint.

24. Avers that interest of $9,472,507.53 was assessed for the 1989 taxable year on March 30, 2001–of which $1,439,026.27 was abated on June 18, 2001, and $3,346.37 was refunded; but otherwise admits the allegations in paragraph 24 of the complaint.

25. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26. Avers that $12,960,526.70 was received on April 30, 2001; and states that the defendant now lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the complaint.

27. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the complaint.

28. Admits the allegations in paragraph 28 of the complaint.

29. Avers that on July 2, 1997, the plaintiff paid $23,343,633 as an advance payment of deficiency and $16,455,714 as a designated interest payment; admits that the plaintiff executed a partial agreement for its 1990 taxable year on Form 870 for $3,363,555 in tax, but avers that the plaintiff executed the Form 870 on August 21, 1997; avers that the IRS assessed additional income tax in the amount of $3,363,555 and interest in the amount of $2,361,224.12 on November 3, 1997; and states that it now lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the complaint.

30. Avers that for 1990 MassMutual made a $23,343,633 advance payment of tax and a $16,455,714 designated interest payment; states that it now lacks knowledge or information sufficient to form a belief as to the truth of the last sentence in paragraph 30 of the complaint; and otherwise admits the allegations in the paragraph.

31. Admits the allegations in paragraph 31 of the complaint.

32. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegation that MassMutual and the Commissioner executed a Form 870-AD as a result of conferences with the IRS Appeals Office in Boston; avers that the Form 870-AD specifies no amount of deficiency interest; and admits the remaining allegations in paragraph 32 of the complaint.

33. Admits the allegations in paragraph 33 of the complaint.

34. Avers that for 1990 the IRS assessed tax of $18,721,948 and restricted interest of $12,551,591.75 on April 21, 2003; avers that for 1991 the IRS assessed restricted interest of $2,486,231.90 on May 26, 2003, and that for 1992 the IRS assessed restricted interest of $22,251,307.22 on May 26, 2003; and admits the other allegations in paragraph 34 of the complaint.

35. Admits that MassMutual paid the assessed interest deficiency for 1991–$2,486,231.90–with the designated interest payment of $2,748,651 mentioned in paragraph 30 of the complaint; but otherwise denies the allegations in paragraph 35.

36. Avers that the IRS received a payment of $2,549,282.10 on May 20, 2003; admits that the advance payment for 1992 described in paragraph 30 of the complaint was applied against the 1992 assessed deficiencies; and denies that overpayment credits for 1993 and 1994 were applied to the 1992 deficiency in the amounts stated in paragraph 43.

37.-38. Admits the allegations in paragraphs 37 and 38 of the complaint.

39. Admits that the IRS abated $31,003,720 of prior 1991 tax liability because of a tentative carryback claim; but states that the defendant now lacks knowledge or information sufficient to form a belief as to when MassMutual received the claimed refund.

40. Admits the allegations in paragraph 40 of the complaint.

41. Admits the allegations in the first sentence of paragraph 41 of the complaint; and states that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

42. Avers that MassMutual's protest letter is dated December 29, 1999; but otherwise admits the allegations in paragraph 42 of the complaint.

43. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegation that MassMutual and the Commissioner executed a Form 870-AD as a result of conferences with the IRS Appeals Office in Boston; and admits the remaining allegations in paragraph 43 of the complaint.

44. Admits the allegations in paragraph 44 of the complaint.

45. Denies that overpayment credits for 1993 and 1994 were applied to the 1992 deficiency in the amounts stated in paragraph 43.

46.-47. Admits the allegations in paragraphs 46 and 47 of the complaint.

48. Admits the allegations in the first sentence of paragraph 48 of the complaint; and states that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

49. Admits the allegations in paragraph 49 of the complaint.

50. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegation that MassMutual and the Commissioner executed a Form 870-AD as a result of conferences with the IRS Appeals Office in Boston; and admits the remaining allegations in paragraph 50 of the complaint.

51. Admits the allegations in paragraph 51 of the complaint.

52. Denies the allegations in paragraph 52 of the complaint; and avers that on April 26, 2004, the IRS assessed additional tax for 1995 of $35,966,674 plus the appropriate restricted interest, and additional tax for 1997 of $9,326,054 plus the appropriate restricted interest.

53. Denies that MassMutual paid the deficiencies assessed for 1995 and 1997 in part by applying the tax overpayment for 1996 described in paragraph 48 of the complaint; avers that on April 16, 2004, the IRS issued refunds for 1995 of $15,877,537.08 and for 1997 of $19,413,755; and avers that the refunds mentioned in paragraph 53 of the complaint are not the only refunds that the IRS issued for the 1995 and 1997 taxable years.

54. Admits the allegations in paragraph 54 of the complaint.

55. Avers that MassMutual filed the referenced claims for refund on December 21, 2001; and admits that MassMutual has attached to its complaint as Exhibits 1 and 2 its own copies of its 1988 and 1989 claims for refund.

56. Avers that the state address and postal code on MassMutual's 1988 and 1989 claims for refund is MA 01111; and otherwise admits the allegations in paragraph 56 of the complaint.

57.-58. Admits the allegations in paragraphs 57 and 58 of the complaint.

59. Avers that MassMutual filed the referenced claims for refund on December 24, 2003; and admits that MassMutual has attached to its complaint as Exhibits 3 through 7 its own copies of its 1990 through 1994 claims for refund.

60. Avers that the state address and postal code on MassMutual's 1990 through 1994 claims for refund is MA 01111; and otherwise admits the allegations in paragraph 60 of the complaint.

61.-62. Admits the allegations in paragraphs 61 and 62 of the complaint.

63. Avers that MassMutual filed the referenced claims for refund on March 3, 2005; and admits that MassMutual has attached to its complaint as Exhibits 8 through 10 its own copies of its 1995 through 1997 claims for refund.

64. Avers that the state address and postal code on MassMutual's 1995 through 1997 claims for refund is MA 01111; and otherwise admits the allegations in paragraph 64 of the complaint.

65. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the complaint.

66. Avers that paragraph 66 of the complaint characterizes this action and requires no response.

67. Admits the allegations in paragraph 67 of the complaint.

68. Avers that the state address on Connecticut Mutual's (ConnMutual's) 1995 claim for refund is MA; and otherwise admits the allegations in paragraph 68 of the complaint.

69.-71. Admits the allegations in paragraphs 69 through 71 of the complaint.

72. Admits the allegations in the first sentence of paragraph 72 of the complaint; but states that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

73. Admits the allegations in paragraph 73 of the complaint.

74. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegation that MassMutual (as successor of ConnMutual) and the Commissioner executed a Form 870-AD as a result of conferences with the IRS Appeals Office in Hartford; but otherwise admits the allegations in paragraph 74 of the complaint.

75.-76. Admits the allegations in paragraphs 75 and 76 of the complaint.

77. Admits that for the year 1995, MassMutual (as successor of ConnMutual) paid the referenced tax and interest deficiencies in part by applying the advance payment described in paragraph 72 of the complaint; but avers that it paid the remainder by applying overpayments determined for ConnMutual's taxable year 1994.

78. Admits the allegations in paragraph 78 of the complaint.

79. Avers that MassMutual (as successor of ConnMutual) filed the referenced claim for refund on March 31, 2003; and admits that MassMutual has attached to its complaint as Exhibit 11 its own copy of the referenced claim for refund.

80. Avers that the state address and postal code on the referenced claim for refund is MA 01111; and otherwise admits the allegations in paragraph 80 of the complaint.

81.-82. Admits the allegations in paragraphs 81 and 82 of the complaint.

83. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the complaint.

84. Avers that paragraph 84 of the complaint characterizes this action and requires no response.

85. Avers that paragraph 85 of the complaint characterizes one of the claims raised in this action and requires no response.

86. Avers that the first and third sentences of paragraph 86 of the complaint state legal conclusions, which require no response; and states that it now lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86.

87.-92. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 87 through 92 of the complaint.

93. Denies the allegations in paragraph 93 of the complaint; and to the extent the allegations constitute legal conclusions, states that they require no response.

94. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 94 of the complaint; and avers that the remainder of the paragraph states legal arguments, which require no response.

95. Avers that paragraph 95 of the complaint states legal arguments, which require no response.

96.-97. Admits the allegations in paragraphs 96 and 97 of the complaint.

98. Denies the allegations in paragraph 98 of the complaint.

99.-102. Avers that paragraphs 99 through 102 of the complaint characterize claims the plaintiff raises in this action and require no response.

103. Avers that the first and third sentences of paragraph 103 of the complaint state legal conclusions, which require no response; and states that it now lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103.

104-09. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 104 through 109 of the complaint.

110. Denies the allegations in paragraph 110 of the complaint; and to the extent the allegations constitute legal conclusions, states that they require no response.

111. Avers that the first sentence of paragraph 111 of the complaint states legal arguments, which require no response; and denies that MassMutual and ConnMutual are entitled to deductions in the amounts set out in the second sentence.

112. Denies that MassMutual is entitled to deduct the amounts stated in paragraph 112 of the complaint; and avers that the explanation for the claimed deductions and their consequences constitutes legal argument, which requires no response.

113. Denies that ConnMutual is entitled to deduct the amounts stated in paragraph 113 of the complaint; and avers that the explanation of the consequences of the claimed deductions constitutes legal argument, which requires no response.

114.-15. Admits the allegations in paragraphs 114 and 115 of the complaint.

116. Denies the allegations in paragraph 116 of the complaint.

117.-18. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 117 and 118 of the complaint.

119. Avers that paragraph 119 of the complaint states legal arguments, which require no response.

120.-21. Admits the allegations in paragraphs 120 and 121 of the complaint.

122. Admits that MassMutual filed a claim seeking to exclude supplemental premiums from its life insurance taxable income for 1988 and that the claim also included adjustments decreasing death benefits and year-end reserves; and avers that the asserted justifications for its claim constitute legal arguments that require no response.

123. Denies the allegations in paragraph 123 of the complaint,

124. Admits the allegations in paragraph 124 of the complaint.

125. Admits the allegations in the first two sentences of paragraph 125 of the complaint; but denies that the proposed adjustments were all in the amounts stated.[1]

126. Admits the allegations in paragraph 126 of the complaint.

127. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the complaint.

128. Denies the allegations in paragraph 128 of the complaint; and to the extent the allegations constitute legal argument, states that they require no response.

129. Admits the allegations in paragraph 129 of the complaint.

130. Denies the allegations in paragraph 130 of the complaint.

131. Avers that paragraph 131 of the complaint states legal arguments, which require no response.

132.-35. Admits the allegations in paragraphs 132 through 135 of the complaint.

---

[1] For example, the proposed death benefits for 1990 were a negative amount–($8,618,679) –rather than the stated positive amount, $8,618,679.

136. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the tax return for 1989; but otherwise admits the allegations in paragraph 136 of the complaint.

137. Denies the allegations in paragraph 137 of the complaint; and to the extent the allegations constitute legal argument, states that they require no response.

138. Admits the allegations in paragraph 138 of the complaint.

139. Denies the allegations in paragraph 139 of the complaint.

140. Admits the allegations in the first sentence of paragraph 140 of the complaint, and admits that MassMutual referred to a certain fund as the "Active Life Fund" (or "ALF").

141. Admits that MassMutual reported what it treated as life insurance reserves held with respect to DA contracts on its tax returns for 1990 through 1997; but avers that the asserted life insurance reserves were not properly computed.

142.-43. Admits that MassMutual reported an amount equal to 97.5% of "ALF" as life insurance reserves for DA contracts on its annual statements and tax returns; but avers that the asserted reserves were not properly computed.

144. Admits that MassMutual reported the listed amounts as DA contract reserves for the listed years, but denies that the amounts constituted proper reserves.

145. Admits the allegations in paragraph 145 of the complaint.

146. Denies the allegations in paragraph 146 of the complaint.

147. Denies that the third preceding paragraph to paragraph 147 of the complaint lists the correct amounts of reserves for DA contracts; denies the remaining allegations in paragraph

147; and to the extent the allegations constitute legal argument, states that they require no response.

148. Denies the allegations in paragraph 148 of the complaint; and to the extent the allegations constitute legal argument, states that they require no response.

149. Admits that the Commissioner rejected the referenced claim; and denies that MassMutual's claimed amounts of tax reserves and corresponding adjustments were correct.

150. Denies the allegations in paragraph 150 of the complaint.

151. Denies that MassMutual attempted to include the correct amounts of tax reserves with respect to DA contracts and to make corresponding adjustments; and denies that the Commissioner's action constituted error.

152. States that it now lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the details of MassMutual's interest computations; and to the extent the allegations constitute legal argument, states that they require no response.

153. Avers that MassMutual reported an asserted amount of required interest for 1997 of $386,760,608; admits that MassMutual claimed the listed amounts of "required interest" for the years 1990 through 1996; and denies that the listed amounts constitute required interest as prescribed by law.

154. Admits the allegations in paragraph 154 of the complaint.

155. Denies the allegations in paragraph 155 of the complaint.

156. Admits the allegations in paragraph 156 of the complaint.

157.-58. Denies the allegations in paragraphs 157 and 158 of the complaint.

159. Denies that MassMutual reported a "differential earnings amount" for taxable years 1987 through 1996 as required under Code § 809.

160. Denies that MassMutual reported a "recomputed differential earnings amount" for taxable years 1988 through 1997 as required under Code § 809.

161. Avers that the allegations in paragraph 161 of the complaint constitute legal argument, which requires no response.

162. Admits the allegations in paragraph 162 of the complaint.

163. Denies the allegations in paragraph 163 of the complaint.

164.-69. Avers that the allegations in paragraphs 164 through 169 of the complaint constitute arguments, legal conclusions, and demands for relief, which require no response; but denies the allegations to the extent they might be construed as assertions of fact.

170. Denies the allegations in paragraph 170 of the complaint.

171. Admits the allegations in paragraph 171 of the complaint,

172. States that it now lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the complaint.

NEW MATTER

173. If MassMutual is not required to accrue and recognize as income the premiums described in paragraphs 117 through 131 of the complaint, any associated reserves should be disallowed.

WHEREFORE the defendant asks the Court to dismiss the complaint with prejudice.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440
Robert.C.Stoddart@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

April 18, 2008