IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-648 T
(Judge Marian Blank Horn)

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, on its own behalf, and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, as successor to CONNECTICUT MUTUAL LIFE INSURANCE COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraph 4 of RCFC, Appendix A, the parties submit the following information.

a. Jurisdiction.

The parties believe that the Court has jurisdiction of this case.

b. Consolidation. The parties know of no case in this Court with which this case should be consolidated.

c. Bifurcation of trial. Separate trials on the questions of liability and damages in this tax refund suit are unnecessary.

d. Deferral of proceedings. The parties know of no reason why this case should be deferred.

e. Remand or suspension. Not applicable.

f. Additional parties. There are no additional parties.

g. Dispositive motions.

Until discovery is complete, the parties do not know if they will file dispositive motions on one or more of the issues.

h. Issues. The issue in a tax refund case is whether the plaintiff can establish an overpayment of taxes in the years before the court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F. 2d 624 (1965). The parties have so far identified the following subsidiary issues:

1. Is the plaintiff entitled to deductions for policyholder dividends in excess of the amounts allowed by the Commissioner for the taxable years 1995 (Connecticut Mutual, hereinafter ConnMutual) and 1995-97 (Massachusetts Mutual, hereinafter MassMutual)?

2. Did MassMutual properly report all income from Minimum Premium Plans, as well as related reserve and benefit deductions, for the taxable years 1988-94?

3. Did MassMutual properly compute its equity base under 26 U.S.C. (the Code) § 809 for the taxable years 1988-91 when it excluded amounts written down with respect to “No bonds”?

4. Did MassMutual properly report reserves for the taxable years 1990-97 for Deposit Administration Group Annuity Contracts?

5. Did MassMutual properly report Required Interest for the taxable years 1990-97?

6. May MassMutual adjust its recomputed differential earnings amounts for its taxable years 1988-97 to reflect the average equity bases for the years 1987-96 as finally determined or agreed?

Until discovery has been completed, the parties cannot tell whether these issues can be narrowed by stipulation or otherwise.

i. Settlement.

Until discovery has been completed, the parties cannot tell whether these issues can be settled.

j. Trial.

Until discovery has been completed, the parties cannot tell whether this case will require a trial.

k. Special issues regarding electronic case management needs. The parties know of no such issues.

l. Other information. The parties now know of no other information of which the Court should be aware.

Discovery Plan

Paragraph 5 of Appendix A, RCFC, requires the parties to set forth a proposed discovery plan. As set forth in an Order of May 1, 2008, the Court established (1) that fact discovery shall close on or before Friday, March 6, 2009, and (2) that the parties shall file a joint status report addressing their progress on or before Wednesday, March 11, 2009. The court also scheduled a status conference to discuss future proceedings in the case for Wednesday, March 18, 2009, 10:30 a.m. EST.

Plaintiff's counsel and defendant's counsel intend to schedule a meeting in June 2008 to discuss ways that the parties can execute the discovery plan in an efficient and timely manner.

The plaintiff's attorney has authorized the defendant's attorney to present this document as a joint filing and to add a typewritten representation of his signature to the electronically filed version. The defendant's attorney will retain the signed original for three years, as required by General Order 42A, ¶ 29.

Respectfully submitted,

s/ Arthur L. Bailey
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
TEL: (202) 429-6409
FAX: (202) 429-3902

Attorney for the Plaintiff

s/ Robert Stoddart
ROBERT STODDART
U.S. Justice Department (Tax)
Court of Federal Claims Section
P. O. Box 26, Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440
Robert.C.Stoddart@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate
Of Counsel

Attorneys for the Defendant

June 9, 2008